**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No.: 18-cr-00131-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**ERSKINE TAIWAN JOHNSON**,

    Defendant.

---

**GOVERNMENT'S OBJECTION TO PROBATION'S PRESENCE INVESTIGATION REPORT [ECF No. 50]**
_____

The United States of America submits to the following objection to Probation's Presence Investigation Report [ECF No. 50].

**OBJECTION TO PARAGRAPHS 27 & 37**

**A. Colorado Third Degree Assault Knowingly/Recklessly Causing Bodily Injury Is A Crime Of Violence Under U.S.S.G. § 4B1.2(a)(1).**

Probation calculates the defendant's base offense level as 20. That calculation does not include the defendant's three convictions for Colorado third degree assault – knowingly/recklessly causing bodily injury. *See* ECF No. 50, p. 10, ¶ 40 / p. 13, ¶ 47 / p. 15, ¶ 49. Those convictions qualify as felony crimes of violence under U.S.S.G. § 4B1.2(a)(1)'s "force clause." Because they are crimes of violence, the defendant's base offense level is 26 under § 2K2.1(a)(1).

Pursuant to § 2K2.1(a)(1), a defendant's base offense level is 26 if: (1) the offense involved a semiautomatic firearm that is capable of accepting a large capacity

1

magazine; and, (2) the defendant committed the instant offense subsequent to sustaining two felony convictions for a crime of violence. Probation correctly concluded that the firearm at issue is a semiautomatic firearm capable of accepting a large capacity magazine. *See* ECF No. 50, p. 7, ¶ 27. Probation did not include the defendant's three convictions for third degree assault – knowingly/recklessly causing bodily injury as crimes of violence. Those convictions satisfy the second prong of § 2K2.1(a)(1)'s base offense level requirement.

To raise the defendant's base offense level from 20 to 26, the third degree assault convictions must be "felony convictions" and crimes of violence. They are both.

**1. The convictions are felony convictions.**

A felony conviction is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1, cmt. n.1. An "adult conviction" is "[a] conviction for an offense committed at age eighteen or older." *Id.*

All of the defendant's third degree assault convictions are adult convictions, *i.e.*, the defendant was 18 years of age or older when he committed the offenses. *See* ECF No. 50, p. 10, ¶ 40 / p. 12, ¶ 47 / p. 15, ¶ 49. Under Colorado state law, third degree assault is a class 1 misdemeanor. COLORADO REVISED STATUTES § 18-3-204(3). The statutory maximum term of imprisonment for this specific Colorado class 1 misdemeanor is 24 months imprisonment because it "present[s] an extraordinary risk of harm to society." C.R.S. § 18-1.3-501(3)(b)(I). Thus, even though classified under Colorado state law as a misdemeanor, Colorado third degree assault is a federal felony

because it is punishable by a term of imprisonment exceeding one year.

The defendant's third degree assault convictions are federal felonies under § 2K2.1(a).

**2. Colorado third degree assault is a crime of violence.**

Pursuant to § 2K2.1, cmt. n.1, "crime of violence has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Section 4B1.2(a) sets out two ways a felony conviction can be a crime of violence. The conviction can satisfy the force clause under § 4B1.2(a)(1) or it can be an enumerated offense under § 4B1.2(a)(2). Colorado third degree assault qualifies under the force clause because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

When determining whether a felony conviction is a crime of violence under § 4B1.2(a), the Tenth Circuit applies the categorical approach. *United States v. Kendall*, 876 F.3d 1264, 1267 (10th Cir. 2017). This approach focuses on the elements of the conviction offense, not the specific facts of the defendant's case. *Id.* Thus, the first task is identifying the offense's elements. When doing so, courts determine whether a statute is indivisible or divisible. A statute is divisible when it "sets out one or more *elements* of the offense in the alternative." *United States v. Titties*, 852 F.3d 1257, 1267 (10th Cir. 2017) (emphasis in original) (citation omitted). In essence, a divisible statute defines more than one crime. In that case, a court utilizes the modified categorical approach to determine exactly "which crime the defendant, in fact, committed." *Kendall*, 876 F.3d at 1268. Under the modified categorical approach, courts can "consult record documents from the defendant's prior case for the limited purpose of identifying which of

3

the statute's alternative elements formed the basis of the prior conviction." *Titties*, 852 F.3d at 1266. "Once the relevant elements are identified, the court applies the categorical approach." *Id.*

### a. The modified categorical approach applies because the statute is divisible.

The defendant has three convictions for third degree assault knowingly/recklessly causing bodily injury under C.R.S. § 18-3-204(1)(a). Under that particular section of the statute, a person commits third degree assault if: (1) he "knowingly or recklessly causes bodily injury to another person;" or, (2) "with criminal negligence the person causes bodily injury to another person by means of a deadly weapon." C.R.S. § 18-3-204(1)(a).

The statute's text makes it clear that it is divisible. It is written in the disjunctive. The use of the word "or" delineates two separate offenses amounting to third degree assault: (1) knowingly and recklessly causing bodily injury to another person; and, (2) negligently causing bodily injury by use of a deadly weapon. The statute also distinguishes the two offenses by assigning them separate *mens rea*. A defendant commits the first type of assault knowingly or recklessly while committing the second type negligently. That is the case because a defendant cannot simultaneously commit assault knowingly/recklessly, *and* negligently. *See, e.g.*, *People v. Esparza-Treto*, 282 P.3d 471, 485 (Colo. App. 2011) (Taubman, J., dissenting) (Agreeing with appellant that "it is logically impossible for a person to possess both a reckless and a negligent *mens rea* at the same time").

Colorado pattern jury instructions on third degree assault confirm that the statute is divisible.[1] Colorado's pattern jury instructions for third degree assault contain different elements for committing third degree assault knowingly/recklessly and for committing the same offense negligently:

- <u>Assault in the Third Degree (Knowingly or Reckless) (COLJI – CRIM 3 – 2:20)</u>
    - The defendant;
    - In the state of Colorado, at or about the date and place charged;
    - *Knowingly or recklessly*;
    - Caused bodily injury to another person.

- <u>Assault in the Third Degree (Negligence & Deadly Weapon) (COLJI – CRIM 3 – 2:21)</u>
    - The defendant;
    - In the state of Colorado, at or about the date and place charged;
    - *With criminal negligence*;
    - Caused bodily injury to another person;
    - By means of a deadly weapon.

The pattern jury instructions also confirm that the negligent third degree assault contains an element that is not part of third degree assault knowingly/recklessly: causing bodily injury by use of a deadly weapon. A jury would have to find, beyond a

---

[1] When determining whether a statute is divisible, courts can look at the prior conviction records, including jury instructions. *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016).

reasonable doubt, that the defendant caused bodily injury by use of a deadly weapon. That is an element of negligent third degree assault. It is not one of various "factual ways" a defendant could satisfy one element of third degree assault. *United States v. Mathis*, 136 S.Ct. 2243, 2249 (2016).

Documents from all three of the defendant's convictions confirm that the statute is divisible. In the defendant's 2009 case (2009M5076), the Plea Agreement lists identical elements to those found in the Colorado pattern jury instructions:

- "The defendant,"
- "in El Paso County, Colorado, at or about the date and place charged,"
- "knowingly or recklessly,"
- "caused bodily injury to another person."

*See* Exhibit 1, p. 5; *See Mathis*, 136 S.Ct. at 2249 (Courts can look to the Indictment and Plea Agreement to determine elements of the conviction offense). In case number 2014CR1269, the charging instrument makes it clear that the defendant was charged and pled guilty to knowingly/recklessly causing bodily injury to another person. *See* Exhibit 2, p. 4. The Plea Agreement in that case sets out identical elements to those found in Colorado's pattern jury instructions. *Id.* at p. 11. Last, in the defendant's 2014M7450 case, the Plea Agreement identifies that the defendant pled guilty to knowingly/recklessly causing bodily injury to another person. *See* Exhibit 3, p. 3.

For the reasons outlined above, third degree assault under C.R.S. § 18-3-204(1)(a) is divisible. The defendant was specifically convicted of knowingly/recklessly

causing bodily injury to another person three separate times. Those are the elements to use in this crime of violence analysis.

### b. Recklessness is a sufficient *mens rea* for a crime of violence.

The Tenth Circuit has held that recklessness is a sufficient *mens rea* when analyzing crimes of violence under § 4B1.2(a)(1)'s force clause. *United States v. Bettcher*, 911 F.3d 1040, 1046 (10th Cir. 2018) (emphasis added) ("[W]e see no sense including reckless crimes in 18 U.S.C. § 924(e)(2)(B) *but not* U.S.S.G. § 4B1.2(a)"). The inquiry then turns to the amount of physical force used to commit Colorado third degree assault.

### c. Knowingly/recklessly causing bodily injury to another person has as an element the use, attempted use, or threatened use of physical force against the person of another.

Courts apply a two-step inquiry when determining whether a state statute requires physical force as stated in § 4B1.2(a)(1). First, the court identifies the minimum force required by Colorado law for the crime of third degree assault – knowingly/recklessly causing bodily injury to another person. *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017). Second, the court then determines whether that minimum amount of force "categorically fits the definition of physical force." *Id.* at 536 (citation omitted). Here, the minimum amount of force necessary to commit third degree assault – knowingly/recklessly causing bodily injury to another person categorically fits the definition of physical force.

#### i. Minimum amount of force required under Colorado law.

The Government is not aware of any Colorado state court case stating the minimum amount of force necessary for a conviction for third degree assault –

knowingly/recklessly causing bodily injury to another person. That said, analysis of "bodily injury" and its definition is sufficient to determine that force is required and the minimum amount of force required for conviction.

Colorado defines bodily injury as "physical pain, illness, or any impairment of physical or mental condition." C.R.S. § 18-1-901(3)(c). While not defining the amount of force necessary for conviction, the Colorado Supreme Court has stated that the bodily injury "need not be of a crippling or otherwise incapacitating nature to be within the statutory prohibition." *People v. Lobato*, 187 Colo. 285, 288 (1975). Further, the injury does not have to be one that requires "medical attention." *People v. Saxon*, 2016 Colo. Discipl. LEXIS 140, *33 (Nov. 7, 2016).

In *Ontiveros*, the Tenth Circuit held that Colorado second degree assault is a crime of violence under § 4B1.2(a)(1)'s force clause. Two points from *Ontiveros* are instructive in this analysis. First, the court detailed the Supreme Court's holdings regarding bodily injury and physical force from *United States v. Castleman*, 572 U.S. 157 (2014). The most pertinent are:

- "[T]he knowing or intentional causation of bodily injury necessarily involves the use of physical force." 572 U.S. at 169.
- "It is impossible to cause bodily injury without applying force in the common-law sense." 572 U.S. at 170.
- "That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." 572 U.S. at 171.

Second, the court made clear that direct and *indirect* application of force is physical force. *Ontiveros*, 875 F.3d at 538.  In doing so, the Tenth Circuit departed from one of its holdings in *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).  In *Perez-Vargas*, the Tenth Circuit held that Colorado third degree assault "does not necessarily include the use or threatened use of 'physical force' as required by the Guidelines." 414 F.3d at 1287.  The *Ontiveros* court held that *Perez-Vargas* is no longer viable after *Castleman*:  "[t]o the extent that *Perez-Vargas* holds that indirect force is not an application of 'physical force,' that holding is no longer good law." *Ontiveros*, 875 F.3d at 538.

Given those two pronouncements in *Ontiveros*, it is clear that:  (1) whether Colorado third degree assault is a crime of violence under § 4B1.2(a)(1)'s force clause is now an open question; and, (2) per *Castleman*, one must apply physical force to cause bodily injury.  Therefore, physical force is required for a conviction of Colorado third degree assault.

### ii. Colorado third degree assault requires "violent force."

"*Johnson I* determined that in the context of a crime of violence, the phrase physical force means violent force – that is, force capable of causing physical pain or injury to another person." *Ontiveros*, 875 F.3d at 538 (internal quotation marks and citation omitted).  Thus, the question here is whether a person can knowingly/recklessly cause bodily injury to another person without using, attempting to use, or threatening to use physical force that is capable of causing physical pain or injury to another person. The answer is no.

There are four parts to Colorado's bodily injury definition: (1) physical pain; (2) illness; (3) impairment of a physical condition; and, (4) impairment of a mental condition. *See* C.R.S. § 18-1-901(3)(c). There is no realistic scenario by which a person could cause bodily injury, within the meaning of the Colorado statute, without either using or threatening to use physical force capable of causing physical pain or injury to another person. *See Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (holding that there must be a "realistic probability, not a theoretical possibility that the State would apply its statute to conduct" falling outside the crime of violence definition).

It is intuitive that a person can cause physical pain, illness, and impairment of a physical condition by using, attempting to use, or threatening to use physical force that is capable of causing physical pain or injury to another person. For conduct to cause impairment of a mental condition without at least threatening physical force, one would have to imagine a scenario where a person suffered such impairment from no threat, *e.g.*, an insult or a surprise scare (Boo!). Certainly the Colorado legislature did not intend the third degree assault statute to apply to insults and the like. If that were the case, state district attorneys could have possible cases where everyone at a surprise birthday party could be charged with third degree assault because their collective "Surprise!" startled the victim so much so that he/she suffered some temporary mental impairment. That would be an absurd interpretation of the statute and is outside the realm of how one would expect the statute to operate.

When determining whether a state statute requires "violent force," courts consider only conduct "in which there is a realistic probability, not a theoretical possibility [that] the state statute would apply." *Ontiveros*, 875 F.3d at 536 (internal

quotation marks and citation omitted).  To make this showing, the defendant must do more than apply "legal imagination" to the statute's language.  *Gonzalez*, 549 U.S. at 193.  He must identify "cases in which the state courts in fact did apply the statute in the special (nongeneric) [sic] manner for which he argues."  *Id.*; *see also*, *United States v. Castillo*, 811 F.3d 342, 349 (10th Cir. 2015).  The defendant is unable to do so.

### 3. Conclusion.

The defendant's Colorado third degree assault – knowingly/recklessly causing bodily injury convictions are federal felonies, despite being state misdemeanors.  A person cannot knowingly/recklessly commit third degree assault without using, attempting to use, or threatening to use physical force that is capable of causing physical pain or injury to another person.  Thus, Colorado third degree assault requires violent force and satisfies § 4B1.2(a)(1)'s force clause.

## CONCLUSION

Because the defendant's Colorado third degree assault convictions are crimes of violence, the defendant's base offense level is 26.  That would increase the defendant's total offense level by six points, resulting in a total offense level of 31.  *See* ECF No. 50, p. 8, ¶ 37.  With a total offense level of 31 and a criminal history category of VI, the defendant's guideline range is 188 to 235 months imprisonment.  Because the statutory maximum term for imprisonment under 18 U.S.C. § 922(g)(1) is ten years imprisonment, *i.e.*, 120 months, the guideline range for the defendant is 120 months.  *See* 18 U.S.C. § 924(a)(2).

For the reasons stated above, the Government respectfully requests that the Court calculate the defendant's guideline range consistent with the calculations contained herein.

Dated: May 10, 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:  /s/ *Jason St. Julien*
JASON ST. JULIEN
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0405
E-mail: Jason.St.Julien@usdoj.gov
Attorney for the United States

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of May 2019, I electronically filed the foregoing **GOVERNMENT'S OBJECTION TO PROBATION'S PRESENTENCE INVESTIGATION REPORT [ECF No. 50]** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following individuals:

**Edward Robin Harris**
Email:  Edward_Harris@fd.org

**Kelly D. Christl**
Email:  Kelly_Christl@fd.org

/s/ *Jason St. Julien*
JASON ST. JULIEN
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Phone:  (303) 454-0100
Fax:  (303) 454-0405
E-mail:  Jason.St.Julien@usdoj.gov
Attorney for the United States