IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00131-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ERSKINE TAIWAN JOHNSON
       Defendant.
_____

**DEFENDANT'S REPLY TO GOVERNMENT
OBJECTION TO PRESENTENCE REPORT**
_____

Defendant Erskine Johnson ("Mr. Johnson"), through undersigned counsel, submits this reply to the government's objection to the presentence report (ECF 54). In support of this reply, Mr. Johnson states:

## SUMMARY OF ARGUMENT

The presentence report correctly calculates Mr. Johnson's base offense level to be 20 because Colorado Third Degree Assault is not a "crime of violence" within the meaning of U.S.S.G. § 2K2.1(a). The government's arguments to the contrary should be rejected.

## ARGUMENT

### Legal Framework

Pursuant to U.S.S.G. § 2K2.1(a), the base offense level for unlawful possession of a firearm is increased if the defendant has previously committed one or more "crimes of violence." Relevant here, the base offense level is 26 if he has two or more prior

convictions for "a crime of violence." U.S.S.G. § 2K2.1(a)(1). The definition of "crime of violence" is contained in § 4B1.2(a). *See* U.S.S.G § 2K2.1, application note 1.

Section 4B1.2(a)(1) defines "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another."[1] In this context, "physical force" means "violent force," *i.e.*, "force capable of causing physical pain or injury to another person." *United States v. Benton*, 876 F.3d 1260, 1263 (10th Cir. 2017) (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)). Courts have reached this conclusion by reasoning that "the word 'violent' . . . connotes a substantial degree of force," particularly in the context of a felony offense. *United States v. Harris*, 844 F.3d 1260, 1264-65 (10th Cir. 2017) (quoting *Curtis Johnson*, 559 U.S. at 140)). The "emphasis on the use of physical force against another person suggests a category of violent, active crimes." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (quoted in *Harris*, 844 F.3d at 1265).

This Court utilizes the categorical approach to determine whether an offense is a "crime of violence." Under that approach, this Court should ignores the underlying facts of the offense and instead focuses solely on whether the crime of conviction necessarily has as an element the use, attempted use, or threatened use of physical force against the person of another. *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017).

---

[1] A prior conviction can also qualify as a "crime of violence" under the enumerated-offenses clause contained in § 4B1.2(a)(2). Mr. Johnson's conviction for Third Degree Assault, however, is plainly not an enumerated offense for the reasons set forth below (*i.e.*, it covers non-physical, purely mental injuries), and because it involves does not involve either *serious* bodily injury or the use of a dangerous weapon. *See United States v. Gastelum-Laurean*, 370 F. App'x 938, 940-42 (10th Cir. 2010).

2

**Colorado Third Degree Assault is not a "crime of violence" under the force clause, § 4B1.2(a)(1)**

Mr. Johnson's convictions for Third Degree Assault do not qualify as a "crimes of violence" because the Colorado definition of "bodily injury" is overbroad. A person commits Colorado Third Degree assault if he "knowingly or recklessly causes bodily injury to another person." Colo. Rev. Stat. § 18-3-204(1)(a). Under Colorado law, "bodily injury" means "physical pain, illness, or any impairment of physical *or mental condition*." Colo. Rev. Stat. § 18-1-901(3)(c) (emphasis added). This "broadly inclusive definition" is satisfied by proof of any "mental impairment, however slight." *People v. Hines*, 572 P.2d 467, 470 (Colo. 1977).

Colorado's expansive definition of the term "bodily injury" renders the crime of Third Degree Assault categorically overbroad. For purposes of the force clause, "physical force" means "force capable of causing *physical* pain or injury to another person." *United States v. Taylor*, 843 F.3d 1215, 1223 (10th Cir. 2016) (emphasis added). The force clause does not, in other words, cover causing *mental* pain or injury to another person. Because Third Degree Assault thus reaches conduct that does not require proof of "force capable of causing physical pain or injury to another person," *id.*, it is not a crime of violence under U.S.S.G. §§ 2K2.1(a)(4) and 4B1.2(a). *Cf. United States v. Burris*, 912 F.3d 386, 399 (6th Cir. 2019) (finding Ohio assault convictions categorically overbroad for both ACCA and Guidelines purposes because they could be based on the defendant's causing "serious mental harms," as provided for by "Ohio's statutory definition of 'serious physical harm'").

That is so notwithstanding the absence of any Colorado cases in which an individual was prosecuted for Third Degree Assault on the basis of mental impairment

alone.  Contrary to the Government's arguments, "[t]his not a case where we need to imagine hypothetical non-violent facts to take the statute outside [§ 4B1.2(a)'s] ambit." *United States v. Titties*, 852 F.3d 1257, 1274 (10th Cir. 2017).  We know that Third Degree Assault can be committed by causing "impairment of . . . mental condition" because the relevant Colorado statutes specifically say so.  *See* Colo. Rev. Stat. §§ 18-3-204(1)(a) and 18-1-901(3)(c).  The Colorado Supreme Court, moreover, has plainly stated that the "broadly inclusive definition" of "bodily injury" contained in § 18-1-901(3)(c) permits prosecution where there is "*mental* impairment, *however slight*." *Hines*, 572 P.2d at 289 (emphases added).  As the Tenth Circuit has reasoned in the ACCA context, there is "no persuasive reason why [the court] should ignore this plain language to pretend the statute is narrower than it is," and so it doesn't matter that Mr. Johnson cannot point to "any case in which [Colorado] has prosecuted someone" for Third Degree Assault for causing mental impairment.  *Id.*  Under these circumstances, "no legal imagination is required to see that the threatened use of physical force is not necessary for a conviction" under Third Degree Assault.  *Id.* (emphasis added).

And while Colorado courts appear not to have decided any cases in which an assault prosecution was based upon mental harm alone, such cases have arisen in other jurisdictions that likewise defines physical or bodily injury to include mental harm. Ohio law defines "[s]erious physical harm" to include "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment, Ohio Rev. Code § 2901.01(A)(5)(a), and prosecutors in that state have indeed brought cases based upon the causation of mental harm alone.  In *State v. Elliott*, 663 N.E.2d 412 (1995), for example, an Ohio appellate court upheld an assault

4

conviction where the defendant allowed his young son to discover his wife's dead body, which resulted in the "serious physical harm" of his son suffering from post-traumatic stress disorder.  *See id.* at 415-16.  The Sixth Circuit affirmed the denial of *habeas* relief in a similar case, concluding that a rational jury could find that a defendant had caused a nine-year-old "serious psychological harm" by shooting the nine-year-old's father in the nine-year-old's presence, sufficient to satisfy the Ohio definition of "serious physical harm."  *Walter v. Kelly*, 653 F. App'x 378, 391 (6th Cir. 2016).  The Colorado definition of "bodily injury"—which encompasses not just grave mental illness but also slight mental impairment—is even broader than its Ohio counterpart, and would support a conviction on the same categorically overbroad grounds.  As these prosecutions demonstrates, there is nothing "absurd" about construing the Colorado "bodily injury" statute to mean what it says.[2]

Accordingly, this Court should find that Colorado Third Degree Assault thus broadly covers the causation of purely mental harms, and therefore is not a "crime of violence" for purposes of § 2K2.1(a)(1).

---

[2] In any event, the absence of published decisions about prosecutions under the "mental impairment" prong of the Colorado "bodily injury" statute doesn't mean that such prosecutions haven't occurred.  The vast majority of criminal convictions are the result of plea bargains, which are not readily accessible, let alone the subject of published court decisions.  *See* Ari Armstrong, *High Rate of Colorado pleas undermines right to trial by jury*, Colorado Springs Gazette (Jun. 22, 2012), https://gazette.com/news/guest-column-high-rate-of-colorado-pleas-undermines-right-to/article_577e972d-2c8e-554d-aa0c-118ccba707c4.html (Between 2006 and 2011, for instance, "Colorado prosecutors rel[ied] on plea bargains to reach convictions an overwhelming 97.6 percent of the time.").

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant


s/ Kelly Christl
Kelly Christl
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kelly_Christl@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jason Antoine St. Julien, Assistant United States Attorney
      Jason.St.Julien@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Erskine Taiwan Johnson     *via U.S. mail*

        s/ Edward R. Harris
        Edward R. Harris
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Edward_Harris@fd.org
        Attorney for Defendant